[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#118.5)
The plaintiffs in this matter are Geraldine Benton, Pat Buonincontra, Kim Cifatte, Debra Cosentino and Donna Moore; current and former employees of Pitney Bowes. The defendant is Gary Simpson, the plaintiffs' former manager. The plaintiffs allege that while the defendant was their manager he subjected them to, inter alia: violent rages that put the plaintiffs in physical fear of him necessitating the placement of security guards outside the office, outrageously nasty and condescending remarks made to the plaintiffs in the presence of others, bouts of screaming and cursing, and the physical restraint of one of the plaintiffs. The plaintiffs assert that the defendant's actions have caused them pain and suffering, i.e., heart problems and depression necessitating the use of medication.
The defendant argues that the plantiffs' complaint is devoid of factual allegations that, if proven, would satisfy the elements of their claims for intentional infliction of emotional distress and invasion of privacy by intrusion.[1] Specifically, the defendant argues that there are no allegations sufficient to establish that the defendant engaged in "extreme and outrageous" conduct, which is a threshold element for intentional infliction of emotional distress. Also, the defendant contends that the plaintiffs fail to allege that the defendant intruded upon matters of a highly personal nature as required to sustain an action for invasion of privacy by intrusion. The plaintiffs disagree arguing that they have sufficiently pleaded the elements of each cause of action. The court agrees with the plaintiffs as to their intentional infliction of emotional distress claim, but disagrees with them as to their invasion of privacy by intrusion claim.
The elements for intentional infliction of emotional distress are: "(1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his CT Page 12007 conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe . . . Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially for the court to determine . . . Only where reasonable minds disagree does it become an issue for the jury." (Citations omitted; internal quotation marks omitted.)Appleton v. Board of Education of Stonington, 254 Conn. 205, 210,757 A.2d 1059 (2000). "There is no bright line rule to determine what constitutes extreme and outrageous conduct sufficient to maintain an action. The court looks to specific facts and circumstances of each case in making its decision." Martin v. Bridgeport Hospital, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 356084 (February 11, 1999, Melville, J.).
The plaintiffs submit an affidavit as part of the complaint, signed by all the plaintiffs, containing the allegations relied upon in sustaining their claim of intentional infliction of emotional distress. The plaintiffs allege in their affidavit that the defendant subjected them to violent rages, condescending remarks and physical restraint. Although, the plaintiffs' affidavit which forms the basis of the plaintiffs' complaint is phrased, in part, in terms of hearsay evidence or characterization, it is sufficient to withstand a motion to strike.
"The Connecticut Supreme Court has recognized a cause of action for invasion of privacy and has adopted four categories as defined in § 652A of the Restatement (Second) of Torts. . . . The four categories of invasion of privacy are: (a) unreasonable intrusion upon the seclusion of another; (b) appropriation of the other's name or likeness; (c) unreasonable publicity given to the other's private life; or (d) publicity that unreasonably places the other in a false light before the public." (Citations omitted; internal quotation marks omitted.) Gallagherv. Rapoport, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 149891 (May 6, 1997, D'Andrea, J.).
"The Connecticut Appellate Courts have yet to interpret what constitutes an invasion of privacy under the first category: an unreasonable intrusion upon the seclusion of another. Comments to the section of the Restatement adopted by the Supreme Court in Goodrich, however, state that `One who intentionally intrudes physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person.' 3 Restatement (Second) of Torts, § 652B (1977). As way of further illustration, the Comments also state that invasion of privacy CT Page 12008 occurs when the defendant has `intruded into a private place or otherwise invaded a private seclusion that the Plaintiff has thrown about his person or affairs.' Id." Bonanno v. Dan Perkins Chevrolet, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 066603 (February 4, 2000, Nadeau, J.).
The plaintiffs do not allege any facts sufficient to support their invasion of privacy by intrusion claim. The plaintiffs complaint stems from a workplace situation and no allegations of an invasion of the plaintiffs' seclusion or private affairs is contained within the complaint or affidavit. Therefore, the court finds that the allegations in the plaintiffs' complaint and affidavit are insufficient to establish the elements of an invasion of privacy by intrusion claim.
Accordingly, the Motion to Strike the First count of the First Amended and Revised Complaint is denied and granted as to the remaining counts.
 ________________ Rush, J.